[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven at New Haven. The plaintiff and the defendant, whose maiden name is Denise Jones, were married on July 30, 1983, at Prospect, Connecticut. The plaintiff and the defendant have resided continuously in the State of Connecticut for at least twelve months immediately prior to the date the complaint was filed. There are no minor children issue of the marriage. No other minor children have been born to the defendant wife since the date of the marriage of the parties. Neither party is receiving state assistance. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation.
The plaintiff is forty seven years old and is a high school graduate. He is a mechanic by trade and is currently employed at K.J.C. Two, Inc. D/B/A Whalley Avenue Exxon. The plaintiff's earnings depend on the amount of work he does. He is paid a CT Page 13805 percentage of labor costs as follows: thirty seven percent up to forty hours and forty two percent over forty hours. The plaintiff has a "chronic degenerative back condition" which limits the type of work he can do. He cannot lift heavy objects and he cannot bend excessively. He has a lot of pain, stiffness and is taking medication for muscle spasms. Plaintiff's earnings and benefits statement [exhibit #8] shows his earnings from 1968 to 1997. There were a few years of high earnings but those were the exception.
The defendant is thirty nine years old and a high school graduate. She was employed five days a week for twelve years cleaning houses and also worked for a Mr. Datillo. She became unemployed after the divorce proceedings started. She is now cleaning two to three houses a week. The defendant fell and fractured her ankle on April 21, 1999. There is a personal injury claim pending. The defendant still spends time daily at Mr. Datillo. The defendant claims the following health related problems: depression four and a half years ago, inner ear dysfunction for three and a half years and panic attacks. The defendant has taken various medications including Prozac, Adivan, Paxil and synthroid.
Both parties have contriubted to the breakdown of the marriage. However, the defendant is more at fault. Her failure to supervise, set limits and discipline her son is the major cause of the breakdown of the marriage.
This is the second marriage for both parties. At the time of the marriage the defendant was unemployed. She brought to the marriage her three year old son from her previous marriage and outstanding debt. She did not bring any assets to the marriage. The plaintiff paid off the defendant's debt. The parties purchased the martial residence located at 1621 Shepard Avenue in February, 1994. The plaintiff contributed $21,000.00 towards the purchase.
The defendant admits that the plaintiff was a good provider. The child had very little contact with his biological father. At the time of the hearing she had not received approximately $10,000 in support payments for the child and she did not pursue collection of the amount owed.
The parties disagreed on how to discipline her son. The son obtained a driver's license at age 16 and the situation got CT Page 13806 worse. The defendant bought her son a car and he quit school. The plaintiff believed that the car should be taken away if the child was not attending school. The defendant disagreed. The child was not in school and not working. He did not help around the house or contribute any help financially. The son had smeared food on to the walls in his room [Exhibit #2] and kept dirty dishes in his room. He had called many 1-900 adult entertainment numbers resulting in very high phone bills which the defendant paid. The plaintiff and the son had a physical altercation where the son slammed the car door on the plaintiff's leg. There was damage to a wall in the house from an altercation between the defendant and her son.
The parties argued over excessive balances on credit cards. The defendant used the credit cards and borrowed money on the credit cards, to make large purchases for her son's car including replacing three clutches, a transmission and an engine. The defendant also borrowed money to post bail for her son. The defendant allowed her son's nineteen year old girlfriend to move into the house and did not tell the plaintiff. He found out from a neighbor. The girlfriend was also unemployed and did not help or contribute financially. The son had been lying, taking money and using their credit cards. The son moved out in August 1998 but the damage to the marriage was too great. The defendant continued to indulge her son including paying his rent of $475.00 per month. In October 1998 the total credit card balance was $9,700.000. By June 1999 it was $20,900.00.
Both parties agree that there had been very little intimacy between them in the last ten years. Nine years ago the plaintiff moved into the converted garage. Prior to this the parties were sleeping in separate beds. The defendant stopped cooking and cleaning when she started cleaning other people's houses. The plaintiff has been cooking his own meals, cleaning up after himself and doing his own laundry. The defendant threw the dirty dishes away rather than wash them.
Both parties were very unhappy. The plaintiff in 1986 or 1987 was so upset he punched holes in the wall. In 1996 around Christmas time the plaintiff was so upset about the state of the marriage he contemplated suicide. Both parties were on medication for depression. They both went to counseling but agreed to stop after three months. The plaintiff is no longer on medication.
The plaintiff had canceled the credit cards. The defendant CT Page 13807 opened new credit card accounts. The plaintiff purchased a 1994 Nissan after filing for divorce. However he had been driving a 1982 Toyota, a seventeen year old vehicle. This was a reasonable and necessary purchase made from savings that had been put aside before he filed for divorce.
This marriage started to breakdown three to four years into the marriage. It continued to deteriorate until the circumstances of their general living conditions and the problems with the defendant's son pushed it over the edge.
The following assets were considered for distribution:
1. The marital residence located at 1621 Shepard Avenue, Hamden, Connecticut valued at $ 135,000.000. There is no mortgage and the house needs some repairs.
2. Stock account with Warehouse Securities valued at $70,000.00. The plaintiff invested $32,000.00 in 1994 to start the account.
3. IRA valued at $19,000.00
4. IRA valued at $500.00
5. Defendant's personal injury claim.
The court has considered the provisions of Connecticut General Statutes § 466-82 regarding the issue of alimony, Connecticut General Statutes § 466-81(c) regarding the issue of property division and Connecticut General Statutes §46b-62 regarding attorney's fees. The court enters the following orders:
 ORDERS A. BY WAY OF DISSOLUTION
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF ALIMONY
1. The plaintiff is ordered to pay the defendant periodic alimony in the amount of $130.00 per week. CT Page 13808
2. The alimony payments will terminate upon the earliest of the following:
a. The death of either party.
b. The remarriage of the defendant.
c. October 31, 2007.
The defendant has an earning capacity of $300.00 per week. The defendant is a high school graduate and has no minor children, by the year 2007 the defendant should have acquired skills or increased the hours in her present occupation to a level where her earnings equal that of the plaintiff.
3. Alimony is not modifiable as to term and modifiable in accordance with Connecticut General Statutes § 46b-86 (a) and Connecticut General Statutes § 46b-86 (b).
4. The plaintiff shall cooperate with the defendant in order for her to obtain COBRA benefits if she chooses, under his place of employment for the statutory period. The plaintiff shall be responsible for half the costs of such coverage, the total cost to him not to exceed $25.00 per week.
C. BY WAY OF PROPERTY ORDERS.
1. The plaintiff shall pay to the defendant wife the sum of $67,500.00 within four months of date of judgment in exchange for her interest in the marital residence located at 1621 Shepard Avenue. If at the end of 4 months the plaintiff has been unable to secure the refinancing, then the house shall be sold, and after the payment of closing costs, real estate agent fees and any other costs related to the sale of the home, the net proceeds are to be divided equally between the parties. Until such time as the home is sold the plaintiff shall have the right of exclusive possession.
2. The plaintiff shall transfer to the defendant stock in the amount of $35,000.00 within four months of the date of judgment.
3. The IRA listed on the plaintiffs financial affidavit of April 13, 1999 valued at $19,000.00 is awarded to the plaintiff. CT Page 13809
4. The defendant's IRA valued at $500.00. [not listed on her financial affidavit but disclosed in testimony] is awarded to the defendant.
5. The plaintiff is awarded twenty-five percent of the net proceeds from the defendant's personal injury claim.
6. The 1994 Nissan Pathfinder is awarded to the plaintiff.
7. The 1990 Subaru is awarded to the defendant.
8. All disputes regarding personal property distribution and the pets shall be referred to the Family Relations Office for mediation and a recommendation to the court. In the event the parties disagree with the recommendation of the Family Relations Office, the party or parties must overcome the presumption at oral argument only that the recommendation is reasonable.
D. BY WAY OF LIABILITIES
1. The plaintiff is responsible for the Master Card debt and $1,750.00 of the Discover Card debt listed on his financial affidavit of April 13, 1999.
2. The defendant shall be responsible for all of the liabilities listed in Appendix A attached to her financial affidavit of June 11, 1999 and $2,000.000 of the Discover Card debt listed on the plaintiff's financial affidavit of April 13, 1999.
E. BY WAY OF ATTORNEYS FEES
The defendant is awarded $1,500 in attorney's fees to be paid within four months of the judgment.
F. MISCELLANEOUS ORDERS
Counsel for plaintiff is to prepare the judgment file within thirty days and send to counsel for the defendant for signature and filing.
Crawford, J. CT Page 13810